FREDERICK BUTTERFIELD

v.

SUSIE J. OKIE AND SUSAN J. PITCHER.

1. The lien of a vendor for unpaid purchase-money is entitled to be preferred to any other subsequent equal equity, unconnected with a legal advantage, or an equitable advantage which does not give such advantage a superior claim to the legal estate.

2. A prior debt is a sufficient consideration to give a mortgage the character of a bona fide mortgage for value against a secret equity unsupported by any legal right.

3. A wife may execute a valid mortgage to secure the debt of her husband, but if such mortgage is voluntary, so far as the wife is concerned, it cannot be upheld against her creditors.

4. A vendor's lien for unpaid purchase-money is entitled to prevail against the vendee's donee, whether the donee claims under a deed absolute or a mortgage.

On final hearing on bill and answer, and proofs taken in open court.

*Mr. John R. Emery,* for complainant.

*Mr. Robert E. Chetwood,* for defendants.

VAN FLEET, V. C.

This suit is brought to enforce a vendor's lien for unpaid purchase-money. The vendee makes no defence, and as against her, it is entirely clear the complainant is entitled to the relief

he asks.   The only debatable question in the case is, whether the complainant's lien is entitled to prevail against a mortgage made by the vendee subsequent to her purchase.   The material facts may be stated in a few words.   The mortgagee is the mother of the vendee; the debt for which the mortgage was given was not the debt of the vendee but of her husband; the debt was an antecedent one, having been contracted several years prior to the execution of the mortgage; the mortgagee took her mortgage without notice, either actual or constructive, of the complainant's rights.

The question at issue between the parties must, I think, be determined by contrasting their equities, and if upon such examination it shall be found that the defendant's equities are equal to those of the complainant, the defendant will be entitled to prevail, for she has the advantage of the legal title or right. *Qui prior est tempore, potior est jure.*   The rule to be applied in such cases, I think, may be formulated as follows: The lien of a vendor should be preferred to any other subsequent legal equity, unconnected with a legal advantage, or an equitable advantage which does not give it a superior claim to the legal estate, but should be postponed to a subsequent equal equity connected with such advantage.   This statement of the rule is taken, almost literally, from the opinion of Chief-Justice Marshall, pronounced in *Bayley* v. *Greenleaf, 7 Wheat. 47.*

Now, it would seem to be entirely clear that if the mortgage in question had been executed to secure the vendee's own pre-existing debt, it would, by force of this rule, be entitled to prevail against the complainant's lien, for this court has more than once held that a prior debt is a sufficient consideration to give a purchaser or mortgagee the character of a *bona fide* purchaser or mortgagee for value against a secret equity, unsupported by the legal right.   "Our courts have uniformly held," says Chancellor Zabriskie, "that a prior debt is a sufficient consideration to protect one holding the legal right, against the prior equity of one who has no legal right, when the other has no notice of such equity."   *Uhler* v. *Semple, 5 C. E. Gr. 293.*   The same view has been expressed in other cases.   *Traphagen* v. *Hand,*

*9 Stew. Eq. 384; Sweeney* v. *Williams, 9 Stew. Eq. 459.* But this mortgage was not given for the debt of the vendee; she was under no duty, either moral or legal, to pay it, or to secure it, and her act in mortgaging her lands to secure it, was one of pure favor or benevolence to her husband. If she had first conveyed the mortgaged premises to her husband, so that he might have secured his debt by a mortgage on lands standing in his own name, her conveyance, as to her own creditors, would, unquestionably, have been fraudulent. As against the lien of the complainant, such an instrument would not have possessed the slightest legal force, and on a bill to enforce his lien, the complainant, in addition to the usual relief given in such cases, would have been entitled to a decree nullifying such deed. *Graves* v. *Coutant, 4 Stew. Eq. 763.* That another method was adopted in this instance, to reach the same end, does not alter the legal character of the transaction. In such matters the means used are generally unimportant; the court must be governed by results. There can be no doubt that a wife may make a valid mortgage to secure the debt of her husband, and such a mortgage will be upheld, even though it is made simply by way of gift to the husband, and to secure his bond founded on a mere moral consideration, but such an instrument, being purely voluntary so far as the wife is concerned, cannot be upheld against her creditors. *Campbell* v. *Tompkins, 5 Stew. Eq. 170; S. C. on appeal, 6 Stew. Eq. 362.*

Stated plainly, what the vendee has attempted to do, is this: to give the lands which she purchased of the complainant, and for which she was not paid a penny, to her husband, by mortgaging them to her husband's creditor. The mortgagee, in such a case, stands simply as the donee of the wife, having no higher or greater equity than she had. Between such a mortgagee and the vendor of the lands, there can be no comparison of equities, for the mortgagee is absolutely without any. He stands simply as donee of the lands, and according to the uniform course of judicial opinion on this subject, takes the lands subject to the rights of the vendor.

The complainant is entitled to a decree, declaring that his lien.

is entitled to prevail over the mortgage of the defendant, and that his debt and taxed costs of this suit shall be first paid out of the proceeds of the sale of the lands.